IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY MCMILLIAN, | No. 4:24-CV-01730 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN FCI-ALLENWOOD LOW, | |
| Respondent. | |

**MEMORANDUM OPINION**

**APRIL 8, 2025**

Petitioner Anthony McMillian filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Federal Correctional Institution, Allenwood Low, in White Deer, Pennsylvania. He asserts that the Federal Bureau of Prisons (BOP) failed to properly calculate his earned time credits under the First Step Act of 2018 (FSA).[1] For the following reasons, the Court must dismiss McMillian's Section 2241 petition.

**I.   BACKGROUND**

In October 2024, McMillian lodged his initial Section 2241 petition, in which he vaguely challenged the BOP's calculation of his FSA time credits.[2] That petition, however, lacked any argument or explanation as to why his FSA credits

---

[1]   Pub. L. 115-391, 132 Stat. 5194 (2018).
[2]   *See generally* Doc. 1.

were incorrectly calculated, so the Court issued an Order[3] directing McMillian to show cause as to why his habeas petition should be granted.

McMillian timely responded with an amended Section 2241 petition that more cogently describes his FSA dispute.[4] He alleges that BOP officials miscalculated his FSA time credits by failing to credit him for time from September 28, 2021, to January 31, 2022, while he was in transit to his final facility of incarceration, FCI Allenwood Low.[5] He asks the Court to order the BOP to apply the 40 credits he believes he accrued during this four-month period and to "recalculate" his prerelease custody date.[6]

According to the most recent FSA time credit assessment provided to the Court, as of December 1, 2024, McMillian has accrued 420 FSA credits.[7] The BOP has applied 365 FSA credits toward early release—the maximum allowed by statute—resulting in an FSA release date of September 10, 2025.[8] The remaining 55 FSA time credits are applicable to prerelease custody placement.[9]

---

[3] Doc. 8.
[4] Doc. 9.
[5] *Id.* at 1, 2.
[6] *Id.* at 6.
[7] *See* Doc. 12-6 at 2. It is possible (and indeed likely) that McMillian has earned additional FSA time credits since this last assessment. Nevertheless, any additional time credits earned would have no effect on the outcome of this petition.
[8] *See id.* at 3; Doc. 12-3 at 3; 18 U.S.C. § 3624(g)(3).
[9] *See* Doc. 12-6 at 2.

McMillian has also been provided an individualized review under the Second Chance Act of 2007 (SCA),[10] after which he was recommended for a prerelease custody range of 151 to 180 days.[11] Neither party has affirmatively stated if McMillian has been given a date certain for transfer to prerelease custody, although his latest administrative remedy documents indicate that he is scheduled for transfer to prerelease custody on May 14, 2025.[12]

Following Respondent's answer[13] to the amended Section 2241 petition, McMillian did not file a traverse. The time for doing so has passed, so McMillian's habeas petition is ripe for disposition.

## II. DISCUSSION

Respondent asserts that McMillian's FSA credit calculation claim must be dismissed because he failed to exhaust administrative remedies. Respondent alternatively contends that McMillian's claim fails on the merits. The Court finds that McMillian's Section 2241 petition is unreviewable for two reasons.

### A. Administrative Exhaustion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has

---

[10] Pub. L. No. 110-199, 122 Stat. 657 (2008).
[11] *See* Doc. 12-8 at 2.
[12] *See* Doc. 13-1 at 3, 6.
[13] Doc. 12.

consistently held that exhaustion applies to such claims.[14]  Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[15]

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.[16]  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[17]  In challenges to disciplinary proceedings before a DHO, the normal administrative process is modified slightly, and only requires an inmate to appeal the DHO's decision to the Regional Director and then to final review with the General Counsel.[18]

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[19]  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if

---

[14]  *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)).
[15]  *Moscato*, 98 F.3d at 761-62 (citations omitted).
[16]  *See generally* 28 C.F.R. §§ 542.10-.19.
[17]  *See id.* §§ 542.13-.15.
[18]  *See id.* §§ 542.14(d)(2), 542.15.
[19]  *See Moscato*, 98 F.3d at 761-62.

4

the issue presented is one that involves only statutory construction.[20] Exhaustion is likewise excused when it would be futile.[21] "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court."[22]

It does not appear that McMillian exhausted his administrative remedies. According to his most recent supplement,[23] he received a response from the Regional Director and has appealed that response to the General Counsel (or "Central Office," as it is often called). His first appeal to the General Counsel, however, was rejected on procedural grounds,[24] as he failed to include copies of his initial administrative remedy (Form BP-9), the Warden's response thereto, his appeal to the Regional Director (Form BP-10), or the Regional Director's response.[25] According to McMillian, he resubmitted his corrected appeal to the General Counsel but has not yet received a response on the merits.[26]

In view of this documentation, it is clear that McMillian has not exhausted available administrative remedies. Proper exhaustion requires an inmate to

---

[20] *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).
[21] *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).
[22] *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).
[23] Doc. 13.
[24] *See* Doc. 13 at 1; Doc. 13-1 at 10.
[25] *See* Doc. 13-1 at 10.
[26] *See* Doc. 13 at 1.

complete each step of their facility's administrative remedy process and to do so properly so that the agency decides the issue on the merits.[27] McMillian has not properly completed his appeal to final review with the General Counsel, so his claim remains unexhausted.

Additionally, the Court observes that FSA time credit calculations are well within the purview of the BOP, which is best situated to address (and potentially correct) these issues in the first instance. McMillian's failure to exhaust his FSA time credit calculation claim thus deprives this Court of a properly developed record for review.[28] Accordingly, McMillian's petition must be dismissed for failure to exhaust administrative remedies.[29]

### B.   McMillian's Claim is Not Cognizable under Section 2241

Assuming, for the sake of argument, that administrative exhaustion could be excused, there is an additional and more significant barrier to federal habeas review of McMillian's claim. The record reflects that the BOP has applied 365

---

[27] *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that proper administrative exhaustion "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (citation omitted)).

[28] *See Donnelly v. Fed. Bureau of Prisons*, No. 10-cv-3105, 2012 WL 2357511, at *4-5 (D. Minn. May 30, 2012) (noting that one of the primary purposes of exhaustion is to develop the relevant factual and legal issues, as "[t]he administrative remedies process hones the factual record, and brings clarity to the legal issues presented in the case," and concluding that the purported challenge to a BOP policy "should have been fine-tuned and vetted before being brought into federal court"), *report & recommendation adopted*, 2012 WL 2357490 (D. Minn. June 20, 2012).

[29] *See Moscato*, 98 F.3d at 762; *Ryan v. United States*, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [Petitioner] readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition." (citing *Moscato*, 98 F.3d at 760)).

FSA credits toward early release, the maximum amount permitted by law.[30] Logically, then, McMillian's FSA credit calculation challenge implicitly involves a request for earlier transfer to prerelease custody—the only substantive relief available if his FSA credits are recalculated. This Section 2241 challenge, which implicates the execution of his sentence (that is, where the remainder of his sentence is served), is not cognizable on habeas review in this circuit. The Court, therefore, cannot reach the merits of McMillian's FSA prerelease custody claim and instead must dismiss his habeas petition for lack of jurisdiction.

The core of habeas corpus usually involves a challenge to the fact or duration of confinement.[31] In *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that—in addition to the fact or duration of confinement—prisoners may also challenge the "execution" of their sentences via a petition under 28 U.S.C. § 2241.[32]

Following *Woodall*, confusion arose as to what exactly "execution of the sentence" meant for a habeas petitioner. Even the *Woodall* panel acknowledged that the precise meaning of this phrase is "hazy."[33]

In *Cardona v. Bledsoe*, 681 F.3d 533 (3d Cir. 2012), the court of appeals clarified the jurisdictional boundaries for execution-of-sentence habeas challenges

---

[30] *See* 18 U.S.C. § 3624(g)(3).
[31] *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 500 (1973).
[32] *See Woodall*, 432 F.3d at 241-44.
[33] *Id.* at 242.

in this circuit. The *Cardona* panel first reviewed *Woodall* and *McGee v. Martinez*, 627 F.3d 933 (3d Cir. 2010), precedential decisions that had considered execution-of-sentence habeas petitions and had determined that the claims presented therein were cognizable under Section 2241.[34]

From these two decisions, the *Cardona* panel distilled that the linchpin for habeas jurisdiction for an execution-of-sentence claim was whether the petitioner was challenging the "carrying out" or "put[ting] into effect" of their sentencing order.[35] As the Third Circuit explained, the reason the petitioners in *Woodall* and *McGee* could seek review under Section 2241 of the execution of their sentences was because both petitions "challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment."[36] The *Cardona* panel thus held, "In order to challenge the execution of [a] sentence under § 2241, [a petitioner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment."[37] There, the petitioner had not made such an allegation, so the panel found that he was not properly challenging the "execution" of his sentence and therefore the district court had no jurisdiction to consider his Section 2241 petition.[38]

---

[34] *See Cardona*, 681 F.3d at 536-37.
[35] *See id.*
[36] *Id.* at 536.
[37] *Id.* at 537.
[38] *See id.* at 537, 538.

The same is true for McMillian's Section 2241 petition. He has not alleged, much less established, that the BOP's conduct regarding prerelease custody is inconsistent with an express command or recommendation in his judgment of sentence. Indeed, there is nothing in McMillian's sentencing judgment discussing or even alluding to prerelease custody.[39] Accordingly, his petition does not properly challenge the "execution" of his sentence—as that term of art has been refined by *Cardona v. Bledsoe*—so this Court has no jurisdiction to consider his habeas claim.[40]

The Court is aware that circuit precedent regarding habeas jurisdiction for execution-of-sentence challenges is not entirely cohesive. As my colleague, the Honorable Julia K. Munley, has recently set forth in exhaustive detail, there are multiple decisions (both precedential and nonprecedential) within the circuit regarding jurisdiction for execution-of-sentence habeas claims that appear to provide conflicting guidance.[41] The Court agrees that, despite the "seemingly contradictory nature" of these decisions, *Cardona v. Bledsoe* "delineate[s] the jurisdictional boundaries of execution-of-sentence claims raised in Section 2241 petitions in this circuit."[42] And under *Cardona*'s "rigid" jurisdictional

---

[39] *See United States v. McMillian*, 5:20-cr-229-1, Doc. 53 (E.D.N.C. Sept. 28, 2021).
[40] *See Cardona*, 681 F.3d at 537, 538.
[41] *See Miles v. Arviza*, No. 3:24-cv-2252, 2025 WL 981870, at *3-4 (M.D. Pa. Apr. 1, 2025) (Munley, J.).
[42] *Id.*, at *4.

boundaries,[43] McMillian's habeas challenge is not cognizable. Therefore, his Section 2241 petition must be dismissed for lack of jurisdiction.

### III. CONCLUSION

McMillian's petition for a writ of habeas corpus under 28 U.S.C. § 2241, which asserts a challenge to FSA credit calculations and resultant time in prerelease custody—but *does not* allege that the BOP's conduct is somehow inconsistent with a command or recommendation in his judgment of sentence—fails to meet the stringent jurisdictional requirements set forth in *Cardona v. Bledsoe*. The Court, therefore, must dismiss McMillian's Section 2241 petition for lack of jurisdiction. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[43] *Id.*